**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DWAYNE BEALL, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:21-cv-00131-RWS |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON | § | |
| | § | |
| Defendant. | § | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Liberty Life")[1] files this Answer to Plaintiff's Complaint ("Complaint") subject to Liberty Life's Unopposed Motion to Transfer Venue filed contemporaneously with this Answer, and states as follows:

Parties, Jurisdiction and Venue

1. Liberty Life admits the allegations contained in paragraph 1 of the Complaint.

2. Liberty Life admits the allegations contained in paragraph 2 of the Complaint.

3. Liberty Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Liberty Life admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life denies the allegations contained in Paragraph 4 of the Complaint.

---

[1] Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

Facts

5. Liberty Life admits that Plaintiff was, at certain times, employed by CAE, USA, Inc. ("CAE") and that Plaintiff's last day of work at CAE was on or about January 3, 2020. Liberty Life admits that Plaintiff was, at certain times, a participant in the long term disability benefits plan (the "LTD Plan"), which was sponsored by CAE. Liberty Life admits the LTD Plan was, at certain times, insured, at least in part, by the Group Disability Income Policy (the "Policy") that Liberty Life issued to CAE. Liberty Life admits that Plaintiff submitted a claim for benefits from the LTD Plan. Liberty Life denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Liberty Life admits it sent a letter to Plaintiff dated June 25, 2020, and refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that Plaintiff submitted an appeal, along with additional documents, of the denial of his claim for benefits from the LTD Plan, and Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Liberty Life admits it sent a letter to Plaintiff's counsel dated February 22, 2021, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life denies the allegations contained in Paragraph 9 of the Complaint, including a-l (i-iii) thereunder.

10. Liberty Life denies the allegations contained in Paragraph 10 of the Complaint.

Claim

11. Liberty Life denies the allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life denies the allegations contained in Paragraph 12 of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

**PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recover nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 15th day of June 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Robert E. Goodman, Jr.
Email: reg@kilgorelaw.com

June 15, 2021 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers