**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DWAYNE BEALL,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:21cv00858-O** |
| | § | |
| **VS.** | § | |
| | § | |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to the Court's July 19, 2021, Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, Plaintiff Dwayne Beall ("Plaintiff") and Defendant Liberty Life Assurance Company of Boston ("Liberty Life") submit their Joint Report.

Robert E. Goodman, Jr., counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant, initially conferred on July 20, 2021, and on days subsequent for the purpose of conferring regarding the matters specified in Rule 26(f) and the Court's Order. Although settlement was discussed, the case did not settle, therefore the following is provided:

## I.
## PRESENT STATUS OF SETTLEMENT NEGOTIATIONS

The parties have begun informal settlement discussions and negotiations are ongoing.

## II.
## SCHEDULING PROPOSAL

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, although this Report contains deadlines requested in the Court's July 19, 2021, Order, the parties request a scheduling order containing the deadlines suggested in Paragraph 17 in lieu of the deadlines requested in the standard schedule.

**1. A brief statement of claims and defenses.**

Plaintiff seeks recovery of long-term disability benefits from Liberty Life pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges Liberty Life wrongfully denied his claim for benefits. Liberty Life alleges that Plaintiff cannot recover from it because a decision to deny the claim based upon a pre-existing condition provision of the governing policy made on Plaintiff's claim for benefits was not an abuse of discretion based on the administrative record for the claim and the policy. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration. Both Plaintiff and Defendants have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).

**2. Proposed Time Limit to File Motions for Leave to Join Other Parties:**

The Parties propose that motions for leave to join other parties be filed by: September 22, 2021.

**3. Proposed Time Limit to Amend the Pleadings:**

The Parties propose that motions to amend the pleadings be filed by: September 22, 2021.

**4. Proposed Time Limits to File Various Types of Motions, including dispositive motions:**

The Parties propose that dispositive motions be filed by February 7, 2022.

**5. A Proposed Time Limit for Initial Designation of Experts:**

The Parties shall make initial expert designations by October 11, 2021.

**6. A Proposed Time Limit for Responsive Designation Experts:**

The Parties shall make responsive expert designations by November 1, 2021.

**7. A Proposed Time Limit for Objections to Experts (i.e. *Daubert* and similar motions):**

The Parties shall make objections to expert designations by November 22, 2021.

**8. Proposed Plan and Schedule for Discovery, Subjects on Which Discovery maybe Needed, Time Limit to Complete Factual Discovery and Expert Discovery, and Statement as to Whether Discovery Should be conducted in Phases or Limited to Particular Issues:**

The Parties propose that discovery be completed by December 15, 2021.

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim and other subjects as to which discovery is permitted under applicable case law. Discovery is expected to be completed by November 30, 2021 and does not need to be conducted in phases.

**9. Proposed Limitations to be Placed Upon Discovery:**

The Parties do not propose any specific limitations on discovery at this time.

**10. Proposed Means for Disclosure or Discovery of Electronically Stored Information ("ESI") And a Statement of any Disputes Regarding the Disclosure or Discovery of ESI.**

Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

**11. Proposals Regarding the Handling and Protection of Privileged or Trial-Preparation Material That Should be Reflected in a Court Order.**

The parties do not anticipate any issues regarding attorney-client privilege or work product protections under Federal Rule of Evidence 502.

**12. Proposed Trial Date, Estimated Number of Days Required for Trial, and Jury Demand:**

A jury has not been demanded in this case, as no jury is permitted in this case since it is governed by ERISA. The Parties believe that the case can be resolved through joint submission of a stipulated record with briefing to the court and brief oral argument once briefing is closed. However, if a trial is needed, the Parties estimate that one day will be required and propose a trial date of June 6, 2022.

**13. Proposed Date for Further Settlement Negotiations:**

The parties propose that further settlement discussions be conducted during the Fall of 2021, before the mediation deadline.

**14. Objections to Disclosure under Rule 26(a)(1).**

Liberty Life has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

**15. Consent by the Parties to Trial (jury or non-jury) Before a U.S. Magistrate Judge.**

The Parties will not consent to the referral of this case to a Magistrate Judge.

**16. Consideration by the Parties of Mediation or Arbitration to Resolve this Litigation, Most Effective Timing of Alternative Dispute Resolution, and Recommended Mediator (if Mediation is proposed):**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The parties propose a mediation deadline of November 15, 2021.

**17. Any Other Proposals Regarding Scheduling and Discovery That the Parties Believe Will Facilitate Expeditious and Orderly Preparation for Trial:**

None at this time.

**18. Conference with the Court:**

The Parties do not believe that a conference with the Court is necessary at this time.

**19. Any Other Matters Relevant to the Status and Disposition of This Case:**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule in lieu of a traditional scheduling order and propose the following deadlines: Discovery be completed by December 15, 2021; Mediation be completed by November 15, 2021; the Stipulated Record be filed by January 21, 2022, the parties' Opening Briefs be filed on February 4, 2022 , the parties' Response Briefs on February 18, 2022, and any Reply Briefs on February 25, 2022.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

**AND**

KILGORE & KILGORE, PLLC
3109 Carlisle Street
Dallas, Texas 75204
PH: (214) 379-0823
FX: (214) 379-0840
Email: reg@kilgorelaw.com

By: /s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
Texas Bar No. 08158100

ATTORNEYS FOR PLAINTIFF